IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02616-MSK-CBS

MARCOS RODRIGUEZ,

       Petitioner,

v.

R. WILEY, Warden,

       Respondent.
_____

**OPINION AND ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS***
_____

**THIS MATTER** comes before the Court pursuant to the Petitioner's Amended Application for Writ of *Habeas Corpus* **(# 7)**, the Respondent's response **(# 16)**, and the Petitioner's reply **(# 17)**. Also pending before the Court is the Petitioner's Motion for Sanctions **(# 14)**, and the Respondent's response **(# 15)**.

## FACTS

On June 23, 2003, the Petitioner pleaded guilty in the United States District Court for the Eastern District of Wisconsin to the crime of distributing a controlled substance, 21 U.S.C. § 841(a)(1) and (b)(1)(B). On January 29, 2004, the Petitioner was sentenced on his plea to 60 months of imprisonment. At the time of sentencing, the court also recommended that the

1

Petitioner be considered for designation to the Bureau of Prisons' Intensive Confinement Center (hereinafter, "boot camp").[1]

On January 14, 2005, the Director of the Bureau of Prisons announced that the boot camp program was being discontinued, effective immediately. It is undisputed that the decision to terminate the program was not accompanied by a notice and comment period, nor any of the other indicia of regular administrative proceedings.

On December 23, 2005, the Petitioner commenced **(# 1)** this action pursuant to 28 U.S.C. § 2241. According to his Amended Petition **(# 7)**, the termination of the boot camp program: (i) violated the Administrative Procedures Act, 5 U.S.C. § 553; (ii) violated the Petitioner's protection against *Ex Post Facto* punishment by depriving him of the opportunity to shorten his sentence by participating in the program; and (iii) compelled the Bureau of Prisons to violate 18 U.S.C. § 3621(b)(4)(B), 28 C.F.R. § 524.32, and § 5F1.7 of the Federal Sentencing Guidelines.

The Respondent responded to the Petitioner's Petition, contending that: (i) the Petitioner failed to exhaust his administrative remedies by filing a grievance; (ii) the Petitioner lacked standing, because, at the time the boot camp program was terminated, the Petitioner was not eligible to participate in it; (iii) that the Administrative Procedures Act is not applicable to the assignment of inmates to the boot camp program or the program's abolition; (iv) that the *Ex Post Facto* Clause was not violated, as the denial of an opportunity to participate in a Bureau of Prisons program does not constitute "punishment" under that Clause; and (v) the boot camp

---

[1] Successful completion of the boot camp program generally entitled the inmate to, among other things, serve the remainder of his or her sentence in community-based corrections. *See* 28 C.F.R. § 524.32(d).

program does not create a liberty interest, and thus, the Petitioner was not deprived of Due Process.

## ANALYSIS

### A. Standard of review

The Petitioner is proceeding *pro se*. As a result, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). In other words, if the Court if can reasonably read the pleadings to state a valid claim on which the Petitioner could prevail, it should do so despite his failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the requirement that the Court read the Petitioner's pleadings broadly does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.*

### B. Exhaustion

Prior to seeking habeas relief under § 2241, federal prisoners must exhaust available administrative remedies. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Phillips v. Booker*, 76 F.Supp.2d 1183, 1187 (D. Kan. 1999) ("this court ordinarily will dismiss a habeas action when an inmate has not completed the BP-9, 10 and 11 steps of the process"). Exhaustion of the administrative grievance procedure has several salutary purposes. It might result in satisfactory resolution of the issue, thereby obviating the need for judicial intervention; at a minimum, it will develop the factual record at the agency level, preserving necessary evidence and reducing the burdens on the courts. *See e.g. Carmona*, 243 F.3d at 634. However, in § 2241

proceedings, the exhaustion requirement is prudential, not statutory, and the Court has the authority to waive the exhaustion requirement where, for example, exhaustion would be futile. *See e.g. Pimentel v. Gonzalez*, 367 F.Supp.2d 365, 371 (E.D.N.Y. 2005); *Phillips*, 76 F.Supp.2d at 1187.

It is undisputed that the Petitioner did not invoke the Bureau of Prisons' administrative remedy procedure, *see* 28 C.F.R. § 542.10 *et seq.*, prior to filing this action. The Petitioner alleges that any administrative grievance would be futile because "There is no need to find facts in this case [and] the [Bureau of Prisons] fights this issue in court repeatedly and there is no hope to resolve administratively." *Docket* # 7 at 2; *see also Docket* # 17 at 2. However, this argument is misplaced for at least two reasons. First, contrary to the Petitioner's assertion, there at least some factual record to be developed with regard to the issue of his standing to complain of the elimination of the boot camp program. *Williams*, 792 F.2d at 987 (exhaustion is necessary because the agency is in a superior position to investigate factual disputes). For example, there appears to be a dispute between the Petitioner and the Bureau of Prisons as to whether the Petitioner was eligible for the boot camp program on January 14, 2005, the date it was eliminated. The Respondent contends that the Petitioner was not eligible because he was not within 24 months of his release date from his 60-month sentence as of January 14, 2005. *See* 28 C.F.R. § 524.31(a)(1)(ii). The Petitioner responds, conclusorily, that he "meets this test." *Docket* # 17 at 3. Had the Petitioner properly exhausted his administrative remedies, questions as to his eligibility

for assignment to the boot camp program as of January 14, 2005 would have been clarified, obviating the need for this Court to broach it anew.[2]

Second, the Court is not as sanguine as the Petitioner that an administrative grievance would necessarily have offered him no relief. Assuming that the Petitioner's complaints here have merit – that is, that he was entitled to participate in the boot camp program at the time it was abolished; that the abolition was administratively improper, and that abolition of the program would otherwise deprive the Petitioner of legal rights – and were presented in a proper grievance, it is entirely possible that the Bureau of Prisons could have fashioned some form of appropriate relief. For example, the Bureau of Prisons might have agreed to reassign the Petitioner to community corrections as if he had successfully completed the boot camp program, 28 C.F.R. § 524.32(d); to consider the Petitioner for assignment to some other alternative to incarceration program; or indeed, if the Petitioner were particularly persuasive, to reinstate the boot camp program in part or whole.[3] The Court is extremely reluctant to find futility where the subject matter of the grievance – here, the availability of programs providing alternatives to incarceration and the eligibility of inmates to participate in those programs – are matters over which the Bureau

---

[2] In addition, 28 C.F.R. § 524.31(b) provides that assignment to a boot camp program is to be made by the Bureau of Prisons "in accordance with sound correctional judgment and the availability of Bureau resources." Requiring the Petitioner to exhaust administrative remedies before commencing suit here might also reveal whether there are other issues involving correctional judgment or resources that would affect the relief that could be afforded to the Petitioner even if the Court were to find the program was improperly abolished.

[3] The fact that the Bureau of Prisons has litigated numerous suits regarding the abolishment of the boot camp program, *see infra.*, does not necessarily render futile any grievance the Petitioner could file. If anything, as inmate grievances mount at the adminstrative level, the likelihood increases that the Bureau of Prisons might reconsider its decision or otherwise address the issues internally without requiring further intervention by the courts.

of Prisons has sole or substantial discretion to fashion appropriate relief. *C.f. Phillips*, 76 F.Supp.2d at 1186-87 (finding futility where an inmate raised only issues of law regarding court's delegation of restitution issues to Bureau of Prisons, requiring no additional factual development, and where an inmate was threatened that pursuing a grievance would result in loss of privileges). Barring a showing of something more than the Petitioner's subjective belief that any grievance would be denied, the Court is reluctant to excuse his failure to properly invoke an appropriate and available adminstrative remedy scheme.

Accordingly, the Court finds that the Petitioner has failed to exhaust genuinely available administrative remedies, and that as a result, prudential considerations warrant denying the Petition without prejudice for failure to exhaust.

### C. Remaining issues

Because the Court denies the Petition as unexhausted, it need not reach the remaining issues as to the Petitioner's standing and the substantive arguments raised by the Respondent. It is enough to note that courts in various jurisdictions have reached widely divergent outcomes on precisely the same issues in effectively identical factual situations. *Compare e.g. Castellini v. Lappin*, 365 F.Supp.2d 197, 200-05 (D.Mass.2005) (finding that prisoner was likely to succeed on merits of Administrative Procedures Act and *Ex Post Facto* Clause claims in suit over abolition of boot camp program) *with Fason v. Sanders*, 2005 WL 2897041 (E.D. Ark. 2005) (unreported) (rejecting *Castellini*'s conclusions on both issues) *and Garza v. Federal Bureau of Prisons*, 2005 WL 3504265 (S.D. Tex. 2005) (unpublished) (finding an inmate not already in boot camp program lacked standing to challenge abolishment of program and suggesting inmate file a 28

U.S.C. § 2255 petition with sentencing court to review the sentence now that boot camp no longer available).

Given the unsettled nature of the issues in other courts and the lack of any apparent appellate authority clarifying these issues, it would be unwise for this Court to add its voice to an uncertain chorus, particularly where the Petitioner's failure to exhaust constitutes a sufficient and independent basis for denying the Petition.

### D. Motion for Sanctions

The Petitioner separately moves **(# 16)** for unspecified sanctions against the Respondent for "pressur[ing]" him to sign a form issued by this Court, inquiring whether the parties consented to a Magistrate Judge exercising jurisdiction over this matter pursuant to 28 U.S.C. § 636(c). Although the precise nature of this "pressure" is not clear from the Petitioner's motion, it appears that the Petitioner inferred that he was being pressured to sign the consent form because he was told that, if he "refused" to sign it, the prison official would notify her supervisor of his lack of consent. The Petitioner explains that, in prison parlance, a "refus[al]" to do something generally carries internal penalties and loss of privileges.

There appears to have been a miscommunication or misunderstanding. As the Petitioner notes, D.C. Colo. L. Civ. R. 72.2 provides that a party's consent under § 636(c) must be voluntarily given without pressure. However, the inference drawn by the Petitioner – that his refusal to consent would apparently be communicated to the Respondent and would result in punishment – assumes a nefariousness not compelled by the circumstances. A benign and altogether more likely explanation for the employee's remark is that the consent form requires the approval of both parties to the case, and upon the Petitioner's refusal to consent, there was no

need for the Respondent to consider the matter further. The inference drawn by the Petitioner from the use of the term "refuse" is logical only in circumstances where the refusal in question is of a direct order by prison officials; there is no assertion that refusal to do something that a prisoner may choose not to do carries any consequences whatsoever. In any event, there is no allegation that the Petitioner did, in fact, suffer any punishment as a result of his refusal to consent to a Magistrate Judge exercising jurisdiction in this case, and thus, his Motion for Sanctions is denied as moot.

## **CONCLUSION**

For the foregoing reasons, the Amended Petition **(# 7)** is **DENIED** without prejudice for failure to exhaust administrative remedies. The Petitioner's Motion for Sanctions **(# 16)** is **DENIED** as moot. The Clerk of the Court is directed to close this case.

Dated this 13th day of February, 2007

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge